# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

WISCONSIN CARRY, INC.,  )
 And )
KRYSTA SUTTERFIELD )
 )
    Plaintiffs, ) CIVIL ACTION FILE NO.
 )
v. ) _____
 )
CITY OF BROOKFIELD, )
GRANT B. PALICK, )
MARK A. TUSHAUS, )
RONALD N. BETHIA, )
And )
SARAH J. MORK )
    Defendants. )

## COMPLAINT

## I. INTRODUCTION

1. This is an action under 42 U.S.C. § 1983 for various violations of Plaintiffs' constitutional rights. Plaintiffs seek declaratory and injunctive relief and damages against the individual Defendants and injunctive relief against the municipal Defendant.

## II. JURISDICTION & VENUE

–1–

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. 1343.

3. Venue is proper because Defendants are located in this District and in this Division, and Plaintiffs reside in this District and in this Division.

4. Joinder of the Defendants is proper because the claims against them arise under the same series of transactions or occurrences and there are common questions of law and fact in the claims against them.

### III. PARTIES

5. Plaintiff Wisconsin Carry, Inc. ("WCI") is a non-profit corporation organized under the laws of the State of Wisconsin.

6. Plaintiff Krysta Sutterfield is a citizen of the United States, a resident of the State of Wisconsin, and a member of WCI.

7. Defendant City of Brookfield is a municipal corporation organized under the laws of the State of Wisconsin.

8. Defendants Palick, Bethia, and Mork are officers with the City of Brookfield Police Department.

9. Defendant Tushaus is a Sergeant with the City of Brookfield Police Department.

### IV. FACTUAL BACKGROUND

10. On July 4, 2010, Defendants were on duty in their capacities with the City of Brookfield Police Department.

11. At or about 10:40 a.m., the Brookfield Police Department received a call on its non-emergency line. The caller reported that a person later identified as Sutterfield was openly carrying a firearm in a holster while attending worship services at the Unitarian Universalist Church of Brookfield. The caller indicated that Sutterfield was not being disorderly, disruptive, or committing any criminal acts.

12. The call was dispatched. The dispatcher did not indicate that Sutterfield was being disorderly, disruptive, or committing any criminal acts.

13. Defendant Palick arrived on the scene and spoke to the person who had placed the call. The caller pointed Sutterfield out to Defendant Palick. Sutterfield was driving out of the church parking lot when Defendant Palick stopped her.

14. Defendant Palick drew his gun and pointed it at Sutterfield.

15. Defendant Bethia also arrived on scene, drew his gun, and pointed it at Sutterfield.

16. Defendant Palick required Sutterfield to exit her car. He then searched her car without her consent.

17. During the search, Defendant Palick found Sutterfield's handgun in her car, enclosed in an opaque case which was securely zipped closed.

18. Before the search, Defendant Bethia handcuffed & physically held Sutterfield.

19. Defendant Mork physically searched Sutterfield and removed her car keys from her pocket without her consent and over her repeated objections. Defendant Mork also removed a loaded magazine from Sutterfield's holster, again without her consent and over her objections.

20. Defendant Tushaus arrived on the scene. Defendant Palick arrested Sutterfield, with Defendant Tushaus's approval, for illegally transporting a firearm.

21. Illegally transporting a firearm is not an arrestable offense in Wisconsin.

22. Defendants were made aware that it is not an arrestable offense via a memo from their Chief of Police, dated April 22, 2009.

23. Defendants transported Sutterfield to the Brookfield Police Department where she was questioned, booked, and released.

24. Defendants did not have a warrant to stop, search, or arrest Sutterfield.

25. The district attorney declined to prosecute Sutterfield because he determined that Defendants had no probable cause to stop Sutterfield and to search her car,

as no criminal acts had been reported to Defendants at the time of the stop and search.

26. Defendants had no probable cause to stop Sutterfield or to search her or her car.

27. As a result of Sutterfield's stop, search, and arrest by Defendants, Sutterfield suffered injuries.

28. WCI's mission is preserve, advance and expand the rights of its members to keep and bear arms.

29. Sutterfield and other members of WCI desire to exercise their state and federal constitutional rights to bear arms in Brookfield but are in fear of further harassment from Defendants for doing so.

30. Defendant Brookfield retains a record of Sutterfield's arrest in its records, and upon information and belief transmitted a record of Sutterfield's arrest to other agencies.

## Count 1 – Violations of Fourteenth Amendment

31. By stopping and searching Sutterfield without probable cause and without a warrant, Defendants Palick and Mork violated Sutterfield's 14th Amendment rights to be free from unreasonable searches and seizures.

–5–

32. By arresting Sutterfield without probable cause and without a warrant, for an offense that is not arrestable, Defendants violated Sutterfield's 14th Amendment rights to be free from unreasonable searches and seizures.

33. By seizing her purse, keys, magazines, holster, case, and pistol, Defendants violated Sutterfield's 14th Amendment rights to be free from unreasonable searches and seizures.

34. By pointing their firearms at Sutterfield, Defendants Palick and Bethia used an unreasonable amount of force in detaining Sutterfield.

35. By retaining a record of her wrongful arrest, Defendant Brookfield has violated Sutterfield's right 14th Amendment right to due process.

36. By infringing on Sutterfield's rights, Defendants are causing a chilling effect on WCI's members' abilities to exercise their rights to keep and bear arms.

37. By harassing Sutterfield for lawfully carrying a firearm, Defendants infringed on Sutterfield's right to keep and bear arms.

**Prayer for Relief**

Plaintiffs demand the following relief:

38. Damages to Sutterfield in an amount to be determined at trial.

39. A declaration that openly carrying firearms, without more, is not a criminal act.

40. An injunction prohibiting the individual Defendants from detaining, searching, or arresting individuals solely because such individuals are carrying firearms in a place where it is not unlawful to do so.

41. An injunction requiring Defendant Brookfield to remove all reference to or material regarding Sutterfield's arrest from its files and electronic systems, including but not limited to any record of her arrest, her fingerprints, and her photographs. If information about Sutterfield was sent to any other agency, Defendant Brookfield shall cause such other agency to similarly expunge its records.

42. Attorney's fees and costs for bringing and maintaining this action.

43. A jury to try to this case.

44. Any other relief the Court deems proper.

JOHN R. MONROE,

\_\_\_/s/ John R. Monroe_____
John R. Monroe
Attorney at Law
9640 Coleman Road
Roswell, GA 30075

Telephone: (678) 362-7650
Facsimile: (770) 552-9318
john.monroe1@earthlink.net

ATTORNEY FOR PLAINTIFFS